UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| BANK OF AMERICA, N.A.,<br><br>                          Plaintiff(s),<br><br>     v.<br><br>SFR INVESTMENTS POOL 1, LLC, et al.,<br><br>                         Defendant(s). | Case No. 2:15-CV-1768 JCM (CWH)<br><br>ORDER |

Presently before the court is defendant Davyn Ridge Homeowners' Association's ("the HOA") motion to dismiss. (ECF No. 13). Plaintiff Bank of America, N.A. ("Bank of America") filed a response (ECF No. 15), and the HOA filed a reply. (ECF No. 20).

**I.  Background**

The present case involves a dispute over real property located at 3917 Jamison Park, North Las Vegas, NV 89032. (ECF No. 1 at 3). Donald Gould purchased the property on November 18, 2009, with a loan in the amount of $142,373. (*Id.* at 4). This loan was secured by a deed of trust that was then assigned to BAC Home Loans Servicing, LP f/k/a/ Countrywide Home Loans Servicing, LP. (*Id.*). Countrywide was subsequently acquired by Bank of America, who then took over the deed of trust. (*Id.*). Both the note and the deed of trust are insured by the FHA. (*Id.*).

Mr. Gould stopped making payments on the loan and eventually defaulted. (*Id.*). During that same time period, he also stopped making payments on his homeowners' association dues. (*Id.* at 2). On December 9, 2011, the HOA, through Nevada Association Services, Inc., recorded a notice of delinquent assessment lien against the property. (*Id.* at 5). The amount due to the HOA at the time that the notice was recorded was $1,262.70. (*Id.*).

**James C. Mahan**
**U.S. District Judge**

Thereafter, the HOA recorded a notice of default and election to sell to satisfy the overdue assessment fees. (*Id.*). The HOA then recorded a notice of foreclosure sale on June 6, 2012, and foreclosed on the property on September 14, 2012. (*Id.*) Thomas Jessup, LLC acquired the property at the foreclosure sale and recorded a foreclosure deed on September 20, 2012. (*Id.* at 2). Thomas Jessup, LLC then sold the property to SFR Investments Pool 1, LLC ("SFR"). (*Id.*).

At foreclosure, the sale price for the property was $5,500 and the principal balance of the Bank of America first mortgage on the property was $139,907.69. (*Id.* at 3).

Bank of America filed the instant action on September 14, 2015, bringing four claims: quiet title/declaratory relief against SFR; breach of NRS 116.1113 against the HOA; wrongful foreclosure against the HOA; and injunctive relief against SFR. (ECF No. 1 at 4).

## II.   Legal Standard

A court may dismiss a plaintiff's complaint for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6).  A properly pled complaint must provide "[a] short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  While Rule 8 does not require detailed factual allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements of a cause of action." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citation omitted). "Factual allegations must be enough to rise above the speculative level." *Twombly*, 550 U.S. at 555.  Thus, to survive a motion to dismiss, a complaint must contain sufficient factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 129 S.Ct. at 1949 (citation omitted).

In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when considering motions to dismiss.  First, the court must accept as true all well-pled factual allegations in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id*. at 1950.  Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not suffice.  *Id*. at 1949. Second, the court must consider whether the factual allegations in the complaint allege a plausible claim for relief.  *Id*. at 1950.  A claim is facially plausible when the plaintiff's complaint alleges facts that allows the court to draw a reasonable inference that the defendant is liable for the alleged misconduct.  *Id*. at 1949.

**James C. Mahan**
**U.S. District Judge**

- 2 -

Where the complaint does not "permit the court to infer more than the mere possibility of misconduct, the complaint has alleged, but it has not shown, that the pleader is entitled to relief." *Id.* (internal quotations and alterations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated,

> First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation.

*Id.*

### III. Discussion

#### A. Breach of NRS 116.1113

In the complaint, Bank of America contends that the HOA breached its duty of good faith as required by NRS 116.1113 through its actions leading up to the foreclosure sale. (ECF No. 1 at 12–13). The HOA claims that a breach of NRS 116.1113 requires the court to review and interpret covenants, codes, and restrictions ("CC&R's") and is, therefore, subject to the mediation requirements in NRS 38.320.

Bank of America contends that the mediation requirements imposed by NRS 38.310 are intended to apply only to claims by homeowners. (ECF No. 4–5). As support, Bank of America points to a single case, which held that there was no indication "that NRS 38.310 applies to beneficiaries of deeds of trust." *Bank of America v. SFR Investments Pool 1, LLC*, 2015 WL 6163452 (D. Nev. Oct. 19, 2015). Ultimately, Bank of America argues that since it is not a party to the CC&R's or a unit owner, but simply a beneficiary of the deed of trust, it is not bound by the rules of NRS 38.310. (ECF No. 15 at 5).

NRS 116.1113 stipulates that "every contract or duty governed by this chapter imposes an obligation of good faith in its performance or enforcement." NRS 116.1113.

James C. Mahan
U.S. District Judge

NRS 38.320 states, "[a]ny civil action described in NRS 38.310 must be submitted to mediation or referred to a program by filing a written claim with the Division." NRS 38.320. Section 38.310 provides that,

> No civil action based upon a claim relating to: (a) [t]he interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property or any bylaws, rules or regulations adopted by an association . . . . may be commenced in any court in this State unless the action has been submitted to mediation or . . . . a program pursuant to the provisions of NRS 38.300 to 38.360, inclusive . . . .

NRS 38.310(1). Furthermore, "[a] court shall dismiss any civil action which is commenced in violation of the provisions of subsection 1." NRS 38.310(2).

Under NRS 38.300(3), a civil action includes "an action for money damages or equitable relief," but not "an action in equity for injunctive relief in which there is an immediate threat of irreparable harm, or an action relating to the title to residential property." NRS 38.300(3).

This court disagrees with Bank of America and finds that NRS 38.310's requirements apply to all civil actions that involve "the interpretation, application, or enforcement of any covenants, conditions or restrictions" and that a breach of 116.1113 involves such an interpretation. (ECF No. 13 at 5). *See McKnight Fam., L.L.P. v. Adept Mgmt.,* 310 P.3d 555, 558 (Nev. 2013) ("the alleged NAC and NRS violations required the district court to interpret regulations and statutes that contained conditions and restrictions applicable to residential property. Thus these claims fell under NRS 38.310's purview."); *see also Nationstar Mortgage LLC v. Springs Spanish Trail Association*, 2016 WL 1298106, at *4 (D. Nev. Mar. 31, 2016) (holding that the plaintiff's bad-faith claim falls "under the purview of NRS 38.310"). Bank of America's bad-faith claim is based on an allegation that the HOA breached NRS 116.1113 and the duties imposed by the CC&R's. Thus, this claim necessarily relates to "the interpretation, application or enforcement of any covenants, conditions or restrictions applicable to residential property" and, therefore, is subject to NRS 38.310's mediation requirements. NRS 38.310.

Accordingly, the court dismisses Bank of America's claim for breach of NRS 116.1113.

B. *Wrongful Foreclosure*

Bank of America contends that the sale of the property was a wrongful foreclosure

James C. Mahan
U.S. District Judge

- 4 -

because: 1) the HOA failed to give adequate notice and an opportunity to cure the deficiency; 2) the HOA sold the property for a grossly inadequate amount; and 3) the HOA violated the good faith requirements of NRS 116.1113. (ECF No. 1 at 13).

As with Bank of America's claim under NRS 116.1113, *McKnight* makes clear that any claim of wrongful foreclosure that "involves interpreting covenants, conditions, or restrictions applicable to residential property" is technically considered a "civil action" and is thus "subject to NRS 38.310's requirements." *McKnight*, 310 P.3d at 559. This court has previously held that wrongful foreclosure claims require the courts to "interpret 'covenants, conditions or restrictions applicable to the property' or 'any bylaws, rules and regulations of an association . . . .' " *Abet Justice, LLC, et al. v. First America Trustee Servicing Solutions, LLC, et al.,* 2016 WL 1170989, at *3 (D. Nev. Mar. 23, 2016). Therefore, before proceeding with a civil action for wrongful foreclosure, the pleader "must submit a complaint through mediation or a certified program." *Id.*

Bank of America's arguments for wrongful foreclosure due to inadequate notice, that the sale was commercially unreasonable, and for breach of NRS 116.1113 all contain elements that necessarily require interpretation of the CC&R's. *See HSBC Bank, N.A. v. Stratford Homeowners Association, et al.*, 2016 WL 1555716, at *3 (D. Nev. Apr. 14, 2016)*; see also Carrington Mortgages Services, LLC v. Absolute Business Solutions, LLC, et al.*, 2016 WL 1465339, at *3 (D. Nev. Apr. 14, 2016) (finding that a wrongful foreclosure claim related to the payment of the superpriority lien required the interpretation of the HOA's "bylaws, rules, or regulations"); *Springs Spanish Trail Association,* 2016 WL 1298106, at *4 (finding that claims for inadequate notice, inability to cure the superpriority lien, and the sale being commercial unreasonable all require interpretation of CC&R's); *U.S. Bank, N.A. v. Lamplight Square @ Coronado Ranch Homeowners' Association*, 2016 WL 910176, at *3 (D. Nev. Mar. 9, 2016) (finding that where there was no existing contract of duty between the parties, the HOA could not legally violate NRS 116.1113). Because the court would have to review the CC&R's in order to decide any of these arguments, none of them allow Bank of America to escape the mediation requirement.

Bank of America notes that other courts in this district have allowed a wrongful foreclosure claim to proceed without first submitting the claim to mediation based on the theory that the HOA

did not provide adequate opportunity to cure the superpriority lien. *See Nationstar Mortgage, LLC v. Falls at Hidden Canyon Homeowners Association*, 2015 WL 7069298, at *3 n.2 (D. Nev. Nov. 12, 2015). The court in *Nationstar* found that determining the issue of whether the HOA failed to permit Nationstar to pay off the superpriority lien amount did "not require any interpretation of the CC&R." *Id.* This court does not find that argument persuasive. *McKnight* suggests that all aspects of a wrongful foreclosure claim, including a determination of whether Bank of America could tender a superpriority lien payment, require review of the CC&R's. *McKnight*, 310 P.3d at 559.

The court finds that none of the potential bases for wrongful foreclosure avoid the mediation requirement, and as discussed above, Bank of America has provided no evidence that this requirement has been fulfilled.

Accordingly, the court dismisses Bank of America's wrongful foreclosure claim.

C. *Bank of America's Claim for Injunctive Relief*

Bank of America's fourth cause of action is for injunctive relief. (ECF No. 1 at 14). The court follows the well-settled rule that a claim for "injunctive relief" standing alone is not a cause of action. *See, e.g., In re Wal–Mart Wage & Hour Employment Practices Litig.*, 490 F.Supp.2d 1091, 1130 (D. Nev. 2007); *Tillman v. Quality Loan Serv. Corp.*, No. 2:12-CV-346 JCM RJJ, 2012 WL 1279939, at *3 (D. Nev. Apr. 13, 2012) ("[I]njunctive relief is a remedy, not an independent cause of action."); *Jensen v. Quality Loan Serv. Corp.*, 702 F.Supp.2d 1183, 1201 (E.D. Cal. 2010) ("[A] separately pled claim or cause of action for injunctive relief is inappropriate."). Injunctive relief may be available if Bank of America is entitled to such a remedy on an independent cause of action.

Accordingly, the court dismisses Bank of America's claim for injunctive relief.

D. *The HOA as a Necessary Party*

The HOA argues that the claims for breach of good faith required by NRS 116.1113 and wrongful foreclosure should be dismissed under FRCP 12(b)(1) for lack of subject matter jurisdiction. (ECF No. 13 at 3). Although the HOA titled its motion, "Motion to Dismiss Bank of America, N.A.'s Complaint," the HOA's motion requests only that Bank of America's

**James C. Mahan**
**U.S. District Judge**

- 6 -

claims for breach of NRS 116.1113 and wrongful foreclosure be dismissed. (ECF No. 13 at 3). As the complaint also alleges a cause of action for quiet title/declaratory judgment, the court's decision does not dismiss the complaint. (ECF No. 1).

It appears that the HOA titled the motion in this way anticipating that dismissal of these two claims would dismiss the HOA from this suit, as the other two claims are only against SFR. However, the remaining claim against SFR for quiet title/declaratory judgment challenges the validity of the non-judicial, foreclosure sale of the subject property.

Under Rule 19(a) of the Federal Rules of Civil Procedure, a party is required to be joined in a suit if it

> "claims an interest relating to the subject of the action and is so situated that the disposition of the action in [its] absence may (i) as a practical matter impair or impede [its] ability to protect that interest or (ii) leave any persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."

Fed. R. Civ. P. 19(a).

In the instant case, neither the HOA nor Bank of America is alleging that the HOA has a present interest in the property. However, Bank of America is challenging the validity of the foreclosure sale. (ECF No. 1 at 7–12). If this court invalidates the foreclosure sale, the HOA's lien against the property may arguably be reinstated as an encumbrance against the property, and the priority of that lien might still be in question. *See* NRS 40.010 ("An action may be brought by any person against another who claims an estate or interest in real property, adverse to the person bringing the action…."); *see also Bank of America v. SFR Investments Pool 1, LLC*, 2015 WL 6163452, at *2 (D. Nev. Oct. 19, 2015) (finding the HOA was a proper party to Bank of America's quiet title claim); *U.S. Bank, N.A. v. Ascente Homeowners Association*, 2015 WL 8780157, at *1–2 (D. Nev. Dec. 15, 2015) (finding the HOA to be a necessary part to the quiet title claim). Therefore, if the HOA were not a party to this action, Bank of America would be unable to secure the complete relief it seeks. As such, the HOA is a proper party and will not be dismissed from the suit.

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that defendant Davyn Ridge Homeowners' Association's motion to dismiss (ECF No. 13) be, and the same hereby is, GRANTED consistent with the foregoing.

DATED June 17, 2016.

_____
UNITED STATES DISTRICT JUDGE