UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

| | |
|---|---|
| BANK OF AMERICA, N.A., | Case No. 2:15-CV-1768 JCM (CWH) |
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, et al., | |
| Defendant(s). | |

Presently before the court is third-party defendant Daunshari Wong-Culotta's ("Wong") motion for reconsideration. (ECF No. 90).[1]

In the instant motion, Wong requests that the court reconsider its order (ECF No. 88) denying Wong's (ECF No. 50) and defendant/third-party plaintiff Thomas Jessup, LLC's ("Jessup") (ECF No. 47) motions to dismiss and alter the order to hold the contrary. (ECF No. 90). In support, Wong repeats the same arguments set forth in Wong's unsuccessful motion to dismiss (ECF No. 50). (ECF No. 90).

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

---

[1] The court finds no response necessary.

**James C. Mahan**
**U.S. District Judge**

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890; *see also* LR 59-1(b) ("Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.").

Wong has not shown that reconsideration is appropriate. The first half of Wong's motion merely reproduces the facts and motions to dismiss sections of the court's order. *Compare* Order (ECF No. 88 at 2–3, 8–9) *with* Motion (ECF No. 90 at 3–4, 5–6). The latter half of Wong's motion reasserts that dismissal of Bank of America, N.A.'s ("BANA") quiet title claim against Jessup is proper because Jessup did not and does not claim an interest in the property. (ECF No. 90). Based on that reassertion, Wong then reargues—using the exact language from Wong's motion to dismiss—that dismissal of Jessup's third-party complaint against Wong is proper because "there is no claim against Jessup in the [c]omplaint" upon which Jessup's third-party complaint may be arise. *Compare* Motion to Dismiss (ECF No. 50 at 7–8) *with* Motion for Reconsideration (ECF No. 90 at 9–11).

In light of the foregoing and for the same reasons set forth in the court's order (ECF No. 88), Wong's motion for reconsideration will be denied.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that Wong's motion for reconsideration (ECF No. 90) be, and the same hereby is, DENIED.

DATED March 17, 2017.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 2 -