UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

* * *

BANK OF AMERICA, N.A.,

                  Plaintiff(s),

v.

SFR INVESTMENTS POOL 1, LLC, et al.,

                  Defendant(s).

Case No. 2:15-CV-1768 JCM (CWH)

ORDER

Presently before the court is defendant/cross claimant SFR Investments Pool 1, LLC's ("SFR") motion for reconsideration of the court's order denying SFR's motion for summary judgment (ECF No. 88). (ECF No. 156). Plaintiff Bank of America, N.A. ("BANA") filed a response (ECF No. 158), to which SFR replied (ECF No. 159).

**I.**     **Facts & Background**

This case involves a dispute over real property located at 3917 Jamison Park Lane, North Las Vegas, Nevada 89032 (the "property").

On February 14, 2017, the court issued an order denying BANA, SFR, and Davyn Ridge Homeowners Association's (the "HOA") motions for summary judgment, among other motions. (ECF No. 88). SFR now requests that the court reconsider its order denying SFR's motion for summary judgment. (ECF No. 156).

**II.**     **Legal Standard**

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is

**James C. Mahan**
**U.S. District Judge**

an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); Fed. R. Civ. P. 60(b). "A motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e). Rule 59(e) "permits a district court to reconsider and amend a previous order[;]" however, "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration "may not be used to raise arguments . . . for the first time when they could reasonably have been raised earlier in litigation." *Kona Enters., Inc.*, 229 F.3d at 890; *see also* LR 59-1(b) ("Motions for reconsideration are disfavored. A movant must not repeat arguments already presented unless (and only to the extent) necessary to explain controlling, intervening law or to argue new facts. A movant who repeats arguments will be subject to appropriate sanctions.").

### III. Discussion

SFR contends that the court's February 14, 2017 order denying summary judgment stated "BANA has not shown its [sic] entitled to summary judgment based on [commercial reasonableness] nor has BANA raised a genuine dispute sufficient to withstand SFR's motion for summary judgment." (ECF No. 88 at 14). Accordingly, SFR argues that its summary judgment motion should have been granted. (ECF No. 156).

In the court's February 14, 2017 order, the court held that BANA failed to show that the foreclosure sale was commercially unreasonable. (ECF No. 88). The court also held that the HOA trustee's rejection of BANA's purported tender was not wrongful. *Id.* Instead of tendering the full amount set forth in the notice of default, BANA tendered a lesser amount based on what it calculated to be the superpriority portion of the lien. *Id.* Accordingly, the court concluded that BANA failed to properly raise any equitable challenges to the foreclosure sale. *Id.* However, because the court found that genuine issues of fact existed as to SFR's status as a bona fide purchaser, the court denied SFR's motion for summary judgment. *Id.*

On April 17, 2017, subsequent to this court's order denying SFR's motion for summary judgment (ECF No. 88), the Court of Appeals of Nevada upheld a district court order granting

summary judgment in favor of the buyer, despite the buyer's contested bona fide purchaser. *Nationstar Mortg., LLC v. SFR Investments Pool 1, LLC*, No. 70653, 2017 WL 1423938, at *3 n.4 (Nev. App. Apr. 17, 2017) ("Because we conclude that Nationstar failed to properly raise any equitable challenges to the foreclosure sale, we need not address its argument that SFR was not a bona fide purchaser for value.").

Here, as in *Nationstar Mortg., LLC*, the court concluded that BANA failed to adequately raise any equitable challenges to the foreclosure sale. Accordingly, SFR's contested status as a bona fide purchaser does not preclude granting summary judgment in SFR's favor. In light of the Court of Appeals of Nevada's subsequent ruling, the court will now grant SFR's motion for summary judgment.

### IV. Conclusion

The court will grant SFR's motion to reconsider (ECF No. 156) the courts February 14, 2017 order denying SFR's motion for summary judgment. Accordingly, the court will now grant SFR's motion for summary judgment (ECF No. 61). In particular, the court will amend its February 14, 2017 order (ECF No. 88) as follows:

IT IS FURTHER ORDERED that SFR's motion for summary judgment (ECF No. 61) be, and the same hereby is, GRANTED.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, and DECREED that SFR's motion for reconsideration (ECF No. 156) be, and the same hereby is, GRANTED.

The clerk shall enter judgment accordingly and close the case.

DATED May 16, 2018.

_____
UNITED STATES DISTRICT JUDGE