| BANK OF AMERICA, N.A., | Case No. 2:15-CV-1768 JCM (CWH) |
|---|---|
| Plaintiff(s), | ORDER |
| v. | |
| SFR INVESTMENTS POOL 1, LLC, et al., | |
| Defendant(s). | |

Presently before the court is plaintiff Bank of America, N.A.'s ("BANA") motion for reconsideration. (ECF No. 163). Defendant SFR Investments Pool 1, LLC ("SFR") filed a response (ECF No. 169), to which BANA replied (ECF No. 171).

Also before the court is BANA's motion to file supplemental authorities in support of its motion for reconsideration. (ECF No. 172). SFR filed a response. (ECF No. 173). BANA did not file a reply and the time to do so has passed.

Also before the court is BANA's second motion to file supplemental authorities in support of its motion for reconsideration. (ECF No. 174). SFR filed a response. (ECF No. 175). BANA has not filed a reply and the time to do so has passed.

**I.     Facts**

This action arises from a dispute over real property located at 3917 Jamison Park Lane, North Las Vegas, Nevada 89032 (the "property"). (ECF No. 1).

Cross-defendant Donald Gould purchased the property on November 18, 2009. (ECF No. 1). Gould financed the purchase with a loan in the amount of $142,373.00 from Ryland Mortgage Company ("Ryland"). *Id*. Ryland secured the loan with a deed of trust, which it recorded on November 20, 2009. *Id*. On July 21, 2011, BAC home Loans Servicing, LP f/k/a Countrywide

**James C. Mahan**
**U.S. District Judge**

Home Loan Servicing, LP ("BAC") acquired all beneficial interest in the deed of trust via an assignment, which BAC recorded with the Clark County recorder's Office. *Id*. BAC subsequently merged into BANA. *Id*.

On December 9, 2011, Davyn Ridge Homeowners Association ("Davyn Ridge"), through its agent Nevada Association Services, Inc. ("NAS"), recorded a notice of delinquent assessment lien ("the lien") against the property for Gould's failure to pay Davyn Ridge in the amount of $1,262.70. *Id*. On January 30, 2012, Davyn Ridge recorded a notice of default and election to sell pursuant to the lien, stating an amount due of $2,448.50. *Id*.

In an attempt to exercise its right of redemption, BANA requested from Davyn Ridge the superpriority amount of the line. (ECF No. 59-7). Davyn Ridge did not reply to BANA's request. *See* (ECF No. 59-7). BANA, thereby, used a payoff ledger for a different property in the same development to calculate the superpriority amount as $585.00, the sum of nine months of assessments. *Id*. On March 15, 2012, BANA sent a letter and a check in that amount to Davyn Ridge. *Id*. The letter explained that the check was the sum of nine months of common assessments and intended to pay off the superpriority portion of the lien. *Id*. Davyn Ridge rejected the check without explanation. *See id*.

On June 6, 2012, Davyn Ridge recorded a notice of foreclosure sale against the property. (ECF No. 59-6). On September 14, 2012, Davyn Ridge sold the property in a nonjudicial foreclosure sale to defendant Thomas Jessup. (ECF No. 59-8). On September 20, 2012, Jessup recorded the deed of foreclosure with the Clark County recorder's office. *Id*. On April 3, 2013, SFR acquired the property via a grant, bargain, sale deed, which it recorded with the Clark County recorder's office on April 8, 2013. (ECF No. 59-11).

On September 14, 2015, BANA filed a complaint, alleging four causes of action: (1) quiet title/declaratory judgment against SFR; (2) breach of NRS 116.1113 against the HOA; (3) wrongful foreclosure against the HOA; and (4) injunctive relief against SFR. (ECF No. 1). The court subsequently dismissed claims (2) through (4) in an order granting the HOA's motion to dismiss (ECF No. 13) but allowed BANA's claim for quiet title/declaratory judgment to proceed.

(ECF No. 58). On May 16, 2018, the court entered judgment in favor of defendants, holding that the foreclosure sale extinguished BANA's deed of trust. (ECF Nos. 160, 161).

On September 13, 2018, the Nevada Supreme Court issued a ruling clarifying how courts should apply NRS 116.3116 *et seq.* ("Chapter 116")—the statute that Davyn Ridge relied on when it foreclosed on the property. *See Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018) (*Bank of America*). In light of this intervening change in controlling law, the court now reconsiders its prior order pursuant to BANA's motion for reconsideration (ECF No. 162).

## II. Legal Standard

A motion for reconsideration "should not be granted, absent highly unusual circumstances." *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571 F.3d 873, 880 (9th Cir. 2009). "Reconsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *School Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993); *see* Fed. R. Civ. P. 60(b).

Rule 59(e) "permits a district court to reconsider and amend a previous order," however "the rule offers an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Carroll v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003) (internal quotations omitted). A motion for reconsideration is also an improper vehicle "to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in litigation." *Marlyn Nutraceuticals*, 571 F.3d at 880.

## III. Discussion

As a preliminary matter, the court will grant BANA's motions to file supplemental authorities (ECF Nos. 172, 174) pursuant to Local Rule 7-2(g) as the materials therein include new mandatory authority on the application of Chapter 116.

BANA argues that, in light of the Nevada Supreme Court's recent holding in *Bank of America*, BANA tendered the superpriority portion of the lien and prevented the foreclosure sale from extinguishing the deed of trust. (ECF Nos. 163, 174). The court agrees.

James C. Mahan
U.S. District Judge

- 3 -

Under NRS 116.31166(1), the holder of a first deed of trust may pay off the superpriority portion of an HOA lien to prevent the foreclosure sale from extinguishing the deed of trust. *See* Nev. Rev. Stat. § 116.31166(1); *see also SFR Investments*, 334 P.3d at 414 ("But as a junior lienholder, BOA could have paid off the SHHOA lien to avert loss of its security . . ."). The superpriority portion of the lien consists of "the last nine months of unpaid HOA dues and maintenance and nuisance-abatement charges," while the subpriority piece consists of "all other HOA fees or assessments." *SFR Investments*, 334 P.3d at 411; *Horizons at Seven Hills Homeowners Association v. Ikon Holdings, LLC*, 373 P.3d 66 (Nev. 2016).

In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, No. 70501, 2018 WL 4403296 at *6 (Nev. Sept. 13, 2018). Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id*. at *2.

In *Bank of America*, the Nevada Supreme Court held that a foreclosure sale did not extinguish a first deed of trust when Bank of America, the holder of the deed of trust, used the HOA's representations to calculate and tender the sum of nine months of delinquent assessments. *Bank of America, N.A. v. SFR Invs. Pool 1, LLC*, 427 P.3d 113, 121 (Nev. 2018). Although the superpriority portion of an HOA lien typically includes maintenance and nuisance abatement charges, the court held that "Bank of America tendered the correct amount to satisfy the superpriority portion of the lien . . . [because] the HOA did not indicate that the property had any charges for maintenance or nuisance abatement." *Id*. at 118.

As in *Bank of America*, Davyn Ridge has not indicated that the property had any charges for maintenance or nuisance abatement. *See Bank of America*, 427 P.3d at 118. Thus, when BANA sent a check for nine months of assessments to Davyn Ridge, it properly tendered the superpriority portion of the lien. *See* (ECF No. 59-7). Indeed, it makes no difference that BANA relied on a

ledger from a different property subject to the same HOA common assessments to calculate the amount of the superpriority portion of the lien, as BANA tendered an amount that undisputedly represented nine months of assessments. *See Bank of America*, 427 P.3d at 118; s*ee also Tyrone & In-Ching, LLC v. U.S. Bank, N.A.*, 430 P.3d 533 (Nev. 2018); *see also NV Eagles, LLC v. Christiana Trust*, 429 P.3d 1254 (Nev. 2018).

Therefore, the nonjudicial foreclosure sale did not extinguish the deed of trust. *See Bank of America*, 427 P.3d at 121 ("It follows that after a valid tender of the superpriority portion of an HOA lien, a foreclosure sale . . . cannot extinguish the first deed of trust").

## IV. Conclusion

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that BANA's motion for reconsideration (ECF No. 163) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that BANA's motion to file supplemental authorities (ECF No. 172) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that BANA's second motion to file supplemental authorities (ECF No. 174) be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the court order filed on May 16, 2017, (ECF No. 160) be, and the same hereby is, VACATED.

The clerk shall enter judgment accordingly.

DATED January 15, 2019.

_____
UNITED STATES DISTRICT JUDGE